UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
CHICAGO TITLE INSURANCE             )
COMPANY OF WASHINGTON,              )
                                   )   No. C07-5004RSL
            Plaintiff,              )
                                   )   ORDER DIRECTING SERVICE,
    v.                              )   ORDER TO SHOW CAUSE, AND
                                   )   ORDER RENOTING MOTION TO
MARTIN GUITARD, *et al.*,           )   DISMISS
                                   )
            Defendants.             )
_____)

This matter comes before the Court on "United States' Motion to Dismiss"[1] (Dkt. #6). This interpleader action was originally filed in Thurston County Superior Court but was removed to this Court. See Dkt. #1 (Notice of Removal). The stakeholder, plaintiff Chicago Title Insurance Company of Washington ("Chicago Title"), commenced the interpleader action because it was holding $30,000 in escrow pursuant to a purchase and sale agreement between the Guitard defendants (as seller) and defendant Land Holdings, LLC ("Land Holdings") (as

---

[1] In its motion to dismiss, the government asserts that the IRS should be dismissed as the government defendant and the United States of America substituted as the proper defendant because the relief sought in this action would expend itself on the public treasury and restrain the federal government from action. See Dkt. #6 at 1 n.1 (citing Dugan v. Rank, 372 U.S. 609, 620 (1962)). The Court will consider this argument after defendant Land Holdings has been given an opportunity to respond to the motion to dismiss. Accordingly, until the Court rules on the motion to dismiss, the IRS shall remain as the government defendant in this matter.

ORDER DIRECTING SERVICE,
ORDER TO SHOW CAUSE, AND
ORDER RENOTING MOTION TO DISMISS

buyer) for real property located at 3703 Fuller Lane SE, Olympia, WA ("the Property").  On or about November 28, 2005, defendant Land Holdings LLC instructed plaintiff Chicago Title to release the escrow deposit to the Guitard defendants, and under this instruction, Chicago Title delivered a $30,000 check to the Guitards.  See Dkt. #1 (Complaint for Interpleader).  On November 28, 2005, however, the Internal Revenue Service ("IRS") seized the check, which had not been cashed, pursuant to a seizure warrant issued by this District.  Id.  After the check was seized, the $30,000 remained in escrow with Chicago Title.  Id.

On December 22, 2006, the Thurston County Superior Court granted Chicago Title's "Motion for Deposit of Funds and for Dismissal of Stakeholder" (Dkt. #7).  Shortly after dismissal of Chicago Title from this matter, on January 5, 2007, the United States removed the case to federal court.  See Dkt. #1 (Notice of Removal).

On February 9, 2007, defendant IRS moved to dismiss this action for lack of jurisdiction claiming that there are no adverse claimants to the funds at issue.  See Dkt. #6 at 3.  This contention is based on the fact that the funds are subject to a court approved stipulation for the interlocutory sale of the Property filed in a related case before this Court: United States v. Real Property Located at 3703 Fuller Lane SE, Olympia, Washington, 98501 (Case No. C05-5773RSL).  Under the stipulation, the Guitard defendants agreed to complete the sale of the Property to defendant Land Holdings and agreed that the balance of the sales proceeds from the Property, including the earnest money payment and down payment, would be deposited in the United States Treasury Department's Seized Asset Deposit Account, or any other account designated by the Internal Revenue Service, pending the conclusion of forfeiture proceedings.  See Dkt. #6; Dkt. #15 in Case No. C05-5773.  Thus, defendant IRS argues in its motion that there are no adverse claimants because the Guitard defendants agreed to sell the property and agreed to how the net proceeds are to be disbursed, therefore any controversy concerning the

ORDER DIRECTING SERVICE,
ORDER TO SHOW CAUSE, AND
ORDER RENOTING MOTION TO DISMISS         -2-

funds will be determined in the forfeiture action.  <u>See</u> Dkt. #6 at 2-3.

The stipulation in Case No. C05-5773 itself, however, does not prove that defendant Land Holdings is not an adverse claimant to the interpleaded funds in this matter.  First, defendant Land Holdings is not a party in the C05-5773 matter, and accordingly, it did not sign the stipulation agreeing to the purchase of the property.  Accordingly, there is no way for the Court to determine from the stipulation alone, whether Land Holdings has agreed in fact to purchase the property and give up its rights to the $30,000 at issue.

Second, upon review of the documents filed with defendant IRS' notice of removal,[2] there is no indication that defendant Land Holdings was properly served with the complaint in this matter, and there is no indication that Land Holdings appeared or otherwise defended in state court.  Plaintiff was dismissed prior to removal of this action to federal court.  <u>See</u> Dkt. #7. After removal to this Court, defendant Land Holdings has not appeared.  There is also no indication that defendant Land Holdings was properly served with the motion to dismiss.[3] Without a showing that defendant Land Holdings has been properly served with the complaint

---

[2] In removing this action, the United States failed to comply with Local Rule 101(b), which requires that "[e]ach petitioner for removal under Chapter 89 of Title 28, United States Code, shall file along with his notice of removal . . . copies of <u>all</u> additional records and proceedings in the state court, together with his or his counsel's verification that they are true and complete copies of <u>all</u> the records and proceedings in the state court proceeding."  <u>Id.</u> (emphasis added).  In the notice of removal, the government simply stated that "[a] copy of the complaint is attached as Exhibit 1 [and] [a]ttached as Exhibit 2 are the remaining documents, filed in Washington State Superior Court, <u>in the government's possession</u>."  Dkt. #1 at 2 (emphasis added).

[3] The government served the motion to dismiss on "Land Holdings, LLC; c/o Cairncross & Hempelmann, P.S.; 534 2nd Ave. #500; Seattle, WA 98104."  <u>See</u> Dkt. #6 at 4 (Certificate of Service). The Court notes, however, that this address appears to be the agent for the <u>Washington</u> limited liability corporation "Land Holdings, LLC d/b/a Land Holdings of Washington, LLC."  <u>See</u> http://www.secstate.wa.gov/corps/search_detail.aspx?ubi=602550103.  However, this action was commenced against the <u>Nevada</u> limited liability corporation Land Holdings, LLC.  Accordingly, the government has not shown that they properly served the Nevada defendant Land Holdings with the motion to dismiss.

ORDER DIRECTING SERVICE,
ORDER TO SHOW CAUSE, AND
ORDER RENOTING MOTION TO DISMISS         -3-

and the motion to dismiss, the Court cannot consider dismissal of this action and disbursement of the funds.

Accordingly, to ensure that defendant Land Holdings has received notice of these proceedings, the Clerk of Court is directed to serve a copy of this order along with a complete copy of all the filings in this matter and the docket sheet on the following by certified mail:

Land Holdings, LLC[4]
3930 Howard Hughes Parkway
Suite 260
Las Vegas, NV 89109

*and*

Land Holdings, LLC[5]
c/o Roger Nix
601 Union Street
Suite 4616
Seattle, WA 98101

Upon service of these documents, defendant Land Holdings is **ORDERED TO SHOW CAUSE** by **August 31, 2007** why the Court should not grant the motion to dismiss (Dkt. #6). The Clerk of Court is directed to RENOTE the motion to dismiss to **August 31, 2007**.

DATED this 6th day of July, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] This is the address of record listed in the "Agreement of Purchase and Sale and Mutual Escrow Instructions" between the Guitards and Land Holdings. See Dkt. #1 at 11, ¶8. This is also the address of record for Land Holdings' officer listed with the Nevada Secretary of State. See https://esos.state.nv.us/SOSServices/AnonymousAccess/CorpSearch/CorpDetails.aspx?lx8nvq=DFiITfFdyCYGIPm52AHd6A%253d%253d.

[5] This is a second address listed for Land Holdings identified in the "Agreement of Purchase and Sale and Mutual Escrow Instructions" between the Guitards and Land Holdings. See Dkt. #1 at 11, ¶8.

ORDER DIRECTING SERVICE,
ORDER TO SHOW CAUSE, AND
ORDER RENOTING MOTION TO DISMISS            -4-